GUIDRY, Judge.
The defendant, John Henry Johnson, was charged by bill of information with one count of simple burglary, a violation of La.R.S. 14:62, and two counts of felony theft, violations of La.R.S. 14:67. Pursuant to a plea bargain agreement, the defendant entered a plea of guilty to the crime of simple burglary and the State dismissed the two counts of felony theft. The defendant was subsequently sentenced on the charge of simple burglary to serve four years at hard labor. Defendant appeals urging only that the sentence imposed is excessive.
Sentence review for exeessiveness is mandated by La. Const, art. 1, section 20. When the defendant properly presents the issue for consideration (La.C.Cr.P. Art. 844), the sentence imposed is reviewed in light of certain principles, briefly summarized as follows: a sentence, although within the statutory limit, may violate a defendant’s right against excessive punishment; punishment is considered constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime; the sentence must be particularized to the individual defendant in accordance with the guidelines set forth in La.C. Cr.P. Art. 894.1 and in light of all circumstances militating for incarceration and those mitigating against such punishment; and, the sentence imposed by the trial court should not be set aside as excessive absent a clear showing of abuse of discretion. These principles are settled such that they do not require citation of authority.
In the instant case, the trial court, after receipt and consideration of a pre-sentence report, sentenced the defendant as afore-stated, stating for the record, in pertinent part, as follows:
“... I’m going to note that although no serious harm other than economic loss resulted in this case. This incidence (sic) and all burglaries are attended by the threat of personal violence if the act is discovered during commission. I will further observe that although this defendant is somewhat lacking in formal education, he is described by acquaintances as a ‘smart thief’, and that he likely contemplated the harm inherent in this act. Certainly provocation is not a *1317 factor for this sort of an offense. And I’m going to further note that other than the fact that this defendant has been raised in a family where theft and other conduct of that sort seem to be accepted and productive work rejected as normal and desirable, I find nothing that I believe tends to excuse or justify his conduct. Certainly there was no inducement or facilitation by a victim and I will observe that although it would have been due, no compsensation (sic) appears to have been paid to. the victim in this matter. Proceeding further in considering this defendant’s record, I find that he certainly has not lead (sic) a law abiding life. Although a number of charges of theft have been dismissed for lack of sufficient evidence to prosecute, he was convicted in the 33th (sic) Judicial District Court in Allen Parish, Louisiana, of three counts of theft and on December 3, 1984, was sentenced to three years at hard labor which was suspended and the defendant was placed on probation for a term of three years. After conviction for criminal trespass which occurred on the U.S. military reservation, Fort Polk, Louisiana, he was fined and placed on unsupervised probation for one year conditioned on his remaining off the military reservation. It appears that he has been arrested three times since the condition was imposed, that is, arrested on Fort Polk. And charges of theft and criminal damage to property are pending against him now in the Magistrate’s Court at Fort Polk. On January 18, 1985, this defendant plead guilty to theft of property having a value of more than one hundred dollars in the 36th Judicial District Court in Beauregard Parish, Louisiana. I find no facts or circumstances that I believe are unique, unusual or unlikely to recur which gave rise to this offense. When I consider this defendant’s record, his reputation among persons acquainted with him, his lack of remorse about this incident, his failure to see the wrong in his conduct and the fact that he has almost no work history and no persons dependent on him, it is felt that he is extremely unlikely to refrain from criminal activity during a period of probation. It is of some moment also that probationary treatment has been tried previously and has so far failed to produce any positive results. This defendant obviously requires correctional treatment which can be best provided in a custodial environment. Consequently, it will be the sentence of the Court that the defendant serve a term of four years at hard labor with the Louisiana Department of Corrections .... ”
The above quoted reasons reflect that the learned trial judge gave meticulous consideration to the sentencing guidelines set forth in La.C.Cr.P. Art. 894.-1. When La.C.Cr.P. Art. 894.1 has been complied with, a sentence imposed within statutory limits should not be set aside in the absence of a clear abuse of the wide discretion accorded a trial judge. State v. Trahan, 425 So.2d 1222 (La.1983). Our careful review of this record reveals no abuse of the trial court’s much discretion.
For these reasons, the defendant’s conviction and the sentence imposed are affirmed.
AFFIRMED.